UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JERRICA DANIELLE COOPER, | | |
| | Plaintiff, | 21-CV-6661-FPG |
| v. | | |
| | | DECISION AND ORDER |
| CHRYSLER CAPITAL, | | |
| | Defendant. | |
| JERRICA DANIELLE COOPER, | | |
| | Plaintiff, | 21-CV-6662-FPG |
| v. | | |
| | | DECISION AND ORDER |
| FIRST PREMIER BANK, | | |
| | Defendant. | |
| JERRICA DANIELLE COOPER, | | |
| | Plaintiff, | 21-CV-6663-FPG |
| v. | | |
| | | DECISION AND ORDER |
| CAPITAL ONE BANK USA NA, | | |
| | Defendant. | |

**INTRODUCTION**

*Pro se* Plaintiff Jerrica Danielle Cooper brings three actions against Defendants Chrysler Capital, First Premier Bank, and Capital One Bank USA NA. On November 9, 2021, the Court dismissed the actions for failure to state a claim upon which relief may be granted. Plaintiff has now filed amended complaints in each action, which the Court screens under the criteria set forth

1

in 28 U.S.C. § 1915(e).  For the reasons that follow, Plaintiff's amended complaints are DISMISSED WITH PREJUDICE.

## LEGAL STANDARD

Section 1915 provides "an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"To plead a cognizable claim, [the] complaint must allege enough facts to state a claim to relief that is plausible on its face."  *Inkel v. Connecticut*, No. 3:14-CV-1303, 2015 WL 4067038, at *1 (D. Conn. July 2, 2015) (internal quotation marks omitted).  "In evaluating whether a plaintiff has stated a claim for relief, the Court accepts as true all factual allegations in the complaint and draws all inferences in the light most favorable to the [p]laintiff."  *Id.* (internal quotation marks omitted).  The Court may also consider any documents attached to the complaint.  *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

## BACKGROUND

In each action, Plaintiff raises a claim under the Fair Debt Collection Practices Act ("FDCPA").[1]  The earliest transaction that Plaintiff identifies occurred with Chrysler Capital.  *See* 21-CV-6661, ECF No. 4 at 6.  In September 2017, Plaintiff financed the purchase of a vehicle

---

[1] Against Chrysler Capital, Plaintiff also raises a claim invoking her "right of rescission" under 15 U.S.C. § 1635. That statute does not apply to Plaintiff's auto-financing transaction with Chrysler Capital.  *See* 15 U.S.C. § 1635(a) (giving the obligor the "right to rescind the transaction" in "the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended"); *Jeffries v. Wells Fargo Bank, NA*, No. 10-CV-5889, 2011 WL 5023396, at *4 (N.D. Ill. Oct. 19, 2021) ("Jeffries is not entitled to rescind the contract under 15 U.S.C. § 1635 because the contract was secured by the vehicle rather than real property that Jeffries used as her principal dwelling.").

2

through Chrysler Capital.  *Id.*  At some point thereafter, Chrysler Capital "seized [her] vehicle for nonpayment."  *Id.*  Plaintiff alleges that throughout the payment period, Chrysler Capital sent her notices and engaged in other conduct that violated the FDCPA.  *See id.*

The next transaction of which Plaintiff complains occurred with First Premier Bank.  21-CV-6662, ECF No. 4 at 6.  In spring 2021, Plaintiff sent First Premier Bank a letter requesting that, in accordance with the FDCPA, it validate "an alleged credit card account" that was reported on Plaintiff's credit report.  *Id.*  First Premier Bank did not comply with the request and asserted that, because it was the "original creditor," the FDCPA did not apply to it.  *Id.*

Finally, on April 12, 2021, Plaintiff sent a letter to Capital One Bank after it reported a "bad debt" on her credit report related to an "alleged credit card account."  21-CV-6663, ECF No. 4 at 6.  Plaintiff claims that Capital One Bank failed to respond to a letter she sent, continued to report her default, kept the account "open" so that it could "collect a larger amount," and, as a general matter, "ruin[ed] [Plaintiff's] reputation."  *Id.*  Plaintiff asserts that "Capital One Bank has been misrepresenting themselves [sic] and using deceptive means to collect this alleged debt."  *Id.*

## DISCUSSION

Although Plaintiff's amended complaints provide more details than her original complaints, the Court again concludes that she has failed to state an FDCPA claim against any of the defendants.  "To prevail on an FDCPA claim, three requirements must be met: (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, . . . (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission in violation of FDCPA requirements."  *Gold v. Shapiro, Dicaro & Barak, LLC*, No. 18-CV-6787, 2019 WL 4752093, at *3 (E.D.N.Y. Sept. 30, 2019) (internal quotation marks and brackets omitted).  As to the second element, "[a] debt collector is defined in § 1692a(6) as: (1) a person whose principal purpose is to

collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector." *Finnegan v. Manhattan Mini Storage, LLC*, No. 21-CV-7354, 2021 WL 4066637, at *1 (S.D.N.Y. Sept. 7, 2021). "Significantly, the statute does not apply to creditors who seek in their own name to collect debts owed to them, *see* 15 U.S.C. § 1692a(6), unless, in the process of collecting [its] own debts, [the creditor] uses any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts." *Wang v. Verizon Commc'ns Inc.*, No. 19-CV-9506, 2021 WL 4198412, at *4 (S.D.N.Y. Sept. 15, 2021) (internal quotation marks omitted); *see also Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA.").

In this case, Plaintiff fails to allege that any of the defendants is a "debt collector" under the FDCPA. Rather, she alleges facts that establish that Defendants are creditors, insofar as they "offer[ed] or extend[ed] credit creating a debt." 15 U.S.C. § 1692a(4) (defining "creditor"). Specifically, Plaintiff states that Chrysler Capital was the entity that originally financed her purchase of the vehicle. *See Dempsey v. Greenville Heritage Fed. Credit Union*, No. 15-CV-664, 2015 WL 1564780, at *3 (D.S.C. Apr. 8, 2015) (collecting cases); *Dinsmore v. Reliable Credit Ass'n, Inc.*, No. 11-CV-6182, 2011 WL 4755198, at *4 (D. Or. Sept. 30, 2011) ("[C]ourts that have explicitly addressed this issue uniformly hold that financing agencies who originate the debt are creditors under the FDCPA."). And Plaintiff claims that both Capital One Bank and First Premier Bank are credit card issuers that maintained accounts in her name.[2] *See Parker v. First Premier Bank*, No. 21-CV-1813, 2021 WL 4691693, at *3 (D.S.C. June 24, 2021) ("[C]rediting institutions, suc[h] as banks, are not debt collectors under [the FDCPA] because they collect their

---

[2] To avoid this result, Plaintiff appears to cite 16 C.F.R. § 433.1(c), which excludes from the definition of "creditor" any person acting "in the capacity of a credit card issuer." However, that definition pertains to a different regulatory scheme, not the FDCPA. *See Morgan v. Markerdowne Corp.*, 976 F. Supp. 301, 310 (D.N.J. 1997) (discussing scheme).

own debts and are in the business of lending money to consumers."); *Lorenz v. GE Cap. Retail Bank*, 944 F. Supp. 2d 220, 226 (E.D.N.Y. 2013) (credit card issuer was a "creditor" under the FDCPA); *Holt v. Macy's Retail Holders, Inc.*, No. 08-CV-1285, 2010 WL 280347, at *5 (W.D. Tenn. Jan. 21, 2010) (collecting cases).

Accordingly, the amended complaints do not plausibly allege that any of the defendants is a "debt collector" within the meaning of the FDCPA. The amended complaints must therefore be dismissed. Because it is now clear that Plaintiff's FDCPA claims are not cognizable, and given that she has already had one opportunity to amend, the Court dismisses the amended complaints with prejudice. *See Fanning v. Nat'l Grid/KeySpan*, 649 F. App'x 48, 49 (2d Cir. 2016) (summary order).

## CONCLUSION

For the foregoing reasons, Plaintiff's amended complaints (ECF No. 4 in each action) are DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

Dated: December 22, 2021
       Rochester, New York

                                               HON. FRANK P. GERACI, JR.
                                               United States District Judge
                                               Western District of New York